PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSE ANGEL CASTILLO, ) | |
| ) | CASE NO. 4:15cv556 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| CORRECTIONS CORPORATION OF ) | |
| AMERICA, *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendants. ) | **ORDER** [Resolving ECF No. 21] |

*Pro se* Plaintiff Jose Angel Castillo filed a complaint in state court on February 9, 2015. ECF No. 1-1. Defendants removed the case to federal court on March 20, 2015. ECF No. 1. The case was referred to Magistrate Judge George J. Limbert for preparation of a report and recommendation pursuant to Local Rule 72.2(b)(2). On April 28, 2016, the magistrate judge submitted a report and recommendation (ECF No. 25) recommending that the Court dismiss the instant case without prejudice due to Plaintiff's failure to pursue his case.

Fed. R. Civ. P. 72(b)(2) provides that objections to a report and recommendation must be filed within fourteen (14) days after service. Objections to the magistrate judge's report were, therefore, due on May 16, 2016.[1] Plaintiff has not filed any objections to the magistrate judge's report and recommendation.[2] Any further review by the Court would be a duplicative and

---

[1] Under Fed. R. Civ. P. 6(d), three days must be added to the fourteen-day time period because Plaintiff was served the Magistrate Judge's Report by mail. *See Thompson v. Chandler,* 36 F. App'x. 783, 784 (6th Cir. 2002).

[2] As the magistrate judge noted in the report and recommendation, "A copy of the Order to Show Cause was mailed to Plaintiff at his last known address at the Stewart Detention Center

(4:15cv556)

inefficient use of the Court's limited resources. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).

Accordingly, the Court adopts the magistrate judge's Report and Recommendation. Plaintiff's case is dismissed without prejudice. Defendants' motion for summary judgment (ECF No. 21) is denied as moot.

IT IS SO ORDERED.

| May 31, 2016 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |

---

with his inmate identification number. That mail was returned and marked "Need Detainee Name & Number" although Plaintiff's name and inmate number were provided on the address to the facility. ECF Dkt. #24. A subsequent search of the inmate locator on the Bureau of Prisons' website indicates that Plaintiff was released on October 30, 2015. As indicated in the Order to Show Cause, Plaintiff provided his last known address as the Stewart Detention Center and mail sent to that facility previously was returned because he was not at that facility. ECF Dkt. #20. Plaintiff never provided this Court with an updated address." ECF No. 25 at PageID #: 149. It is the party, not the court, who bears the burden of apprising the court of any changes to his mailing address. *See Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) (citing *Casimir v. Sunrise Fin., Inc.*, 299 F. App'x. 591, 593 (7th Cir. 2008) (affirming district court's denial of Rule 60(b) motion where movants claimed due to house fire they did not receive mail informing them of court's entry of summary judgment); *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit."); *Watsy v. Richards*, 1987 WL 37151, at *1 (6th Cir. April 20, 1987) (affirming dismissal for failure to prosecute when appellant failed to provide district court with "current address necessary to enable communication with him")).